UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLEDIS JIMENEZ TORRES,<br>Petitioner,<br>-against-<br>KENNETH GENALO, et al.,<br>Respondent. | 26-CV-8229 (LJL)<br>TRANSFER ORDER |

LEWIS J. LIMAN, United States District Judge:

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Dkt. No. 1. For the following reasons, the Court transfers this action to the United States District Court for the New Jersey.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner was arrested on September 21, 2026, at 26 Federal Plaza, New York, New York. Dkt. No. 1 ¶ 12. At that point, she was in the Southern District of New York. She was processed and transported to Elizabeth, New Jersey that night. Dkt. No. 6 at 1. Thus, before the end of the day on September 21, 2026, Petitioner was in New Jersey. The district of Petitioner's confinement thus transferred to the District of New Jersey. Ninibeth Rivas Jiminez, as next friend of Petitioner, filed this petition the next morning, on September 22, 2026, at 7:57 a.m. At that point in time, Petitioner was located in the judicial district of the District of New Jersey.

Accordingly, because Petitioner was not located in the Southern District of New York at the time she filed this Petition, and therefore, the Court does not have jurisdiction over her custodian, *see Padilla*, 542 U.S. at 441, in the interest of justice, the Court transfers this petition to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406(a). The Newark address of the District Court is Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. The telephone number is (973) 645-3730. Any requests for the appointment of pro bono counsel shall be made to that Court.

At the conference this morning, Petitioner stated that she was asked to sign a document during her processing at 26 Federal Plaza and was only later informed—after signing—that it was a consent to voluntary departure. Petitioner represented to the Court that she did not understand the document that she was signing. Petitioner is self-represented and does not speak English. At the telephonic conference, the Government committed that it would reach out to U.S. Immigration and Customs Enforcement ("ICE") to find out more information and, if there is an issue, to see if ICE will agree to cancel the forms signed by Petitioner. The Court directs the Government to file a letter no later than September 25, 2026 at 12:00 p.m. indicating what the Government has learned and any steps taken by ICE to remedy any procedural defects with respect to any and all forms Petitioner may have signed.

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the District of New Jersey.

To ensure that Petitioner has an opportunity to have this petition considered by the District of New Jersey, and to preserve the status quo, **the Court enjoins the government from removing Petitioner from a facility within this District, the District of New Jersey, or the Eastern District of New York**. *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025) ("[T]o ensure that [Petitioner] gets an opportunity to have his Petition and these motions

considered by a court in the normal course — and to preserve the status quo — the Court's . . . Order barring the Government from removing him (to which the Government has never raised an objection and which the Government has not asked the Court to lift in the event of transfer) shall similarly remain in effect unless and until the transferee court orders otherwise.").

**The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case, and directs immediate transfer.**

**The United States Attorney is directed forthwith to alert the Chief of the Civil Division United States Attorney's Office for the District of New Jersey of the transfer of this matter.**

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and email Ninibeth Rivas Jiminez at the addresses on record. The United States Attorney is further directed to request that ICE print a copy of this Order and deliver it to the Petitioner. In the letter to be filed by September 25, 2026 at 12:00 p.m., the Government shall attest to its attempts to hand-deliver this order to the Petitioner.

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated: September 24, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge